Joanna ABELLANOSA; et al.,
Plaintiffs—Appellants,

v.

L & T INTERNATIONAL CORPORA-
TION, Defendant—Appellee.

No. 06–17267.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2008.

Filed June 26, 2008.

Joe Hill, for Plaintiffs–Appellants.

Steven P. Pixley, Law Office of Steven P. Pixley, Colin M. Thompson, Law Offices, Saipan, MP, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM *

Joanna Abellanosa and other former contract employees of L & T International Corp. (collectively, "Abellanosa") appeal the district court's dismissal of their claims against L & T. We affirm in part, reverse and vacate in part, and remand.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

Abellanosa argues that the district court mistakenly characterized her illegal deduction claims as non-cognizable under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, when the FLSA provides an independent claim based on illegal deductions. However, the minimum wage provisions of the FLSA are not applicable in the Commonwealth of the Northern Mariana Islands (CNMI) by virtue of Section 503 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, reprinted at 48 U.S.C. § 1801; and Abellanosa points to no other provision of the FLSA upon which any claim whose gravamen is a deduction from minimum wage could be based. While the overtime provisions of the FLSA are applicable in the CNMI, there is no mathematical possibility that the payments about which Abellanosa complains affected overtime wages. Accordingly, her FLSA claims lack merit, and were properly dismissed.

## II

Having dismissed the federal claims, the district court then dismissed Abellanosa's CNMI and common law claims for lack of jurisdiction. We conclude this was error. There is no question that there is complete diversity of citizenship between Abellanosa and L & T, and we cannot say to a legal certainty that damages greater than $75,000 could not be recovered on her fraud and intentional infliction of emotional distress claims. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that lack of good faith in choosing a federal forum may be

shown only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (noting that "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case.") (original emphasis).

We decline L & T's invitation to affirm on alternative grounds. The district court did not consider whether triable issues of fact were raised, or whether L & T was entitled to summary judgment on the merits as a matter of law. Therefore, having held that subject-matter jurisdiction exists to entertain Abellanosa's CNMI and common law claims, we vacate the order dismissing those claims and remand to the district court.[1]

Each party to bear its own costs on appeal.

AFFIRMED IN PART; REVERSED AND VACATED IN PART; and REMANDED.

---

**1.** We are informed that Abellanosa has intervened in *United States Equal Employment Opportunity Comm'n v. L & T Int'l Corp.,* No. 07–0029, now pending in the United States District Court for the Northern Mariana Islands, and that issues substantially similar to those presented in this case are raised in that action. Abellanosa asked us to stay this appeal pending resolution of that case, which we

---

have declined to do. However, this is without prejudice to the district court's considering on remand the effect, if any, of the *EEOC* action on further proceedings in this action.

